IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

APRIL SUMEY,                          )
                                      )
            Plaintiff,                )
                                      )
      vs.                             )   Civil Action No. 05-547
                                      )
JO ANNE B. BARNHART,                  )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
            Defendant.                )

O R D E R

            AND NOW, this 6th day of March, 2006, upon consideration

of the parties' cross-motions for summary judgment, the Court, upon

review of the Commissioner of Social Security's final decision,

denying plaintiff's claim for supplemental security income benefits

under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et

seq., finds that the Commissioner's findings are supported by

substantial evidence and, accordingly, affirms.   See 42 U.S.C.

§405(g); Jesurum v. Secretary of U.S. Department of Health & Human

Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970

F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924

(1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).   See

also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if

supported by substantial evidence, the Commissioner's decision must

be affirmed, as a federal court may neither reweigh the evidence,

nor reverse, merely because it would have decided the claim differently) (<u>citing</u> <u>Cotter v. Harris</u>, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

_____

[1]

Plaintiff argues that this case should be remanded on the basis of new evidence under sentence six of 42 U.S.C. § 405(g). Specifically, Plaintiff argues that on or about September 28, 2004, several months after the Administrative Law Judge ("ALJ") issued his opinion, Plaintiff's counsel received an unsolicited report from Plaintiff's treating psychologist, Dr. Brentzel, which, among other things, indicated that Plaintiff had a verbal IQ of 70, with a full-scale IQ of 73. While this evidence was, obviously, not presented to the ALJ, Plaintiff did submit it to the Appeals Counsel. The Appeals Counsel denied review without specifically addressing the evidence. Plaintiff claims that remand is appropriate because this evidence is relevant in determining whether she is able to meet Listing 12.05, which pertains to the issue of mental retardation.

Section 405(g) provides, in relevant part:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

Therefore, to remand a case based on new evidence which has been presented to the Appeals Counsel but not to the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record. Second, the evidence must be material. This means that it must be relevant and probative and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination. Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record. See Matthews v. Apfel, 239 F.3d 589 (3d Cir. 2001); Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). Plaintiff has failed to meet this burden.

There seems to be little doubt that Dr. Brentzel's report indicating Plaintiff's IQ score is new in that it is not merely cumulative of the record evidence. Indeed, as will be further discussed below, there was essentially no evidence presented to the ALJ regarding any alleged mental retardation.

However, neither of the remaining criteria have been met. The evidence is not material for several reasons. First, as stated, for evidence to be material there must be a reasonable possibility that the new evidence would have changed the outcome of the ALJ's determination. The evidence here is completely unrelated to the ALJ's determination. Plaintiff did not allege, in applying for benefits, that she was impaired on the basis of mental retardation or significantly subaverage general intellectual functioning with deficits in adaptive functioning. (R. 79-112). The issue was not raised before the ALJ, nor was the issue of whether Plaintiff suffered from mental retardation or whether

(continued...)

¹(...continued)

she, in fact, had intellectual deficiencies of any kind, addressed at the hearing. This evidence, therefore, is not new evidence relating to an impairment previously presented to the ALJ, but rather an entirely new theory of disability. Since the evidence is not related in any meaningful way to any issues raised before the ALJ, it cannot be said to be material to his determination.

Regardless, even if it did pertain to issues actually raised before the ALJ, the evidence is not material because there is not a reasonable possibility that the evidence would have changed the outcome of the determination. Listing 12.05 states: "Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning *initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.*" (emphasis added). Therefore, to meet Listing 12.05, a claimant must establish mental retardation prior to the age of 22. See Williams v. Sullivan, 970 F.2d 1178, 1185-86 (3d Cir. 1992); Burns v. Barnhart, 312 F.3d 113, 126 n.7 (3d Cir. 2002). The Third Circuit has made it clear that an IQ score recorded after the developmental period cannot itself establish mental retardation that began during the developmental period. See Williams, 970 F.2d at 1185-86. Here, Plaintiff's verbal IQ score of 70 was established when she was 37 years old, many years after the developmental period, and Dr. Brentzel very specifically noted that she was determining Plaintiff's current IQ. (Doc. No. 7-4 at 4). The score itself therefore is insufficient to establish an impairment meeting Listing 12.05.

Moreover, the record is devoid of any evidence that would establish some connection between Plaintiff's present IQ score and her intellectual functioning before age 22. While Plaintiff points out that Plaintiff was in "special education" while in school, it must be noted that this was brought out at the hearing only in a passing reference during the ALJ's questioning of Plaintiff. (R. 280). In fact, the information was elicited primarily as background information. There is no evidence or explanation as to what specifically this special education entailed or how it establishes significantly subaverage general intellectual functioning with deficits in adaptive functioning. Moreover, the record is devoid of evidence as to whether Plaintiff's IQ was tested during the developmental period and, if so, what the scores were. The burden of establishing that she meets listing 12.05 falls on Plaintiff, and passing references to special education, with little or no explanation as to what this special education entailed, coupled with an IQ score from almost two decades later, is insufficient to meet that burden. See Gist v. Barnhart, 67 Fed. Appx. 78 (3d Cir. 2003); Lilly v. Barnhart, No. Civ. A 02-8322, 2004 WL 875545 (E.D. Pa. Mar. 22, 2004). Furthermore, the evidence of record that Plaintiff graduated high school and that she maintained numerous jobs after she turned 22 would weigh heavily against a finding that she suffered from mental retardation that manifested during the developmental period. (R. 81, 93-100, 280, 284-86).

In addition, even if the evidence was material, Plaintiff has failed to demonstrate good cause for not having incorporated the new evidence into the administrative record. Although it is true that the specific report at issue was, of course, not in existence at the time of the hearing, there is no reason why it could not have been in existence. As discussed above, Plaintiff cannot simply allege that she became mentally retarded in August 2004; she must allege that she became mentally retarded before she turned 22. It defies logic to claim that one did not know that she had an
(continued...)

3

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 7) is DENIED and defendant's Motion for Summary Judgment (document No. 9) is GRANTED.

s/Alan N. Bloch
United States District Judge

cc/ecf:   Karl E. Osterhout, Esquire
          Asst. U.S. Atty. Paul Skirtich

---

[1](...continued)

impairment severe enough to meet a listing when she was 22 until she was 37. If Plaintiff is claiming to have been impaired since she was 22, she should have so argued at the hearing. There is no explanation as to why this was not one of the impairments claimed by Plaintiff in her application for benefits and at the hearing. Plaintiff did not have to wait for Dr. Brentzel to perform IQ testing in August 2004; she could have been tested earlier, and she could have requested that the ALJ order IQ testing. If the impairment was truly so serious, it makes no sense that Plaintiff and her counsel did not mention it at all at her hearing for benefits. Since there is no explanation as to why evidence of Plaintiff's IQ could not have been presented at the hearing, good cause has not been shown. See Cooper v. Commissioner of Soc. Sec., 277 F. Supp. 2d 748, 755 (E.D. Mich. 2003).

Accordingly, Plaintiff's request for a "new evidence" remand is denied.

4